NO. COA12-604

NORTH CAROLINA COURT OF APPEALS

Filed: 4 February 2014

TOMMY KNOX, VELMA KNOX, and KERRY
GORDON, on behalf of themselves
and all other persons similarly
situated,
    Plaintiffs

    v.                                    New Hanover County
                                                   No. 05 CVS 445

FIRST SOUTHERN CASH ADVANCE;
COMPUCREDIT CORPORATION; VALUED
SERVICES ACQUISITIONS COMPANY,
LLC; VALUED SERVICES, LLC; VALUED
SERVICES OF NORTH CAROLINA, LLC;
VALUED SERVICES FINANCIAL
HOLDINGS, LLC; VALUED SERVICES
HOLDINGS, LLC; FORESIGHT
MANAGEMENT COMPANY, LLC; FIRST
AMERICAN HOLDING, LLC; FIRST
AMERICAN MANAGEMENT, INC.; JAMES
E. SCOGGINS and ROBERT P. MANNING,
      Defendants


     Appeal by defendants from orders entered 23 January 2012 by

Judge D. Jack Hooks, Jr. in New Hanover County Superior Court.

Heard in the Court of Appeals 28 November 2012.


       *Hartzell & Whiteman, L.L.P., by J. Jerome Hartzell, and North
       Carolina Justice & Community Development Center, by Carlene
       McNulty, for plaintiff-appellees.*

       *Moore & Van Allen PLLC, by Thomas D. Myrick, Mark A. Nebrig
       and Jonathan M. Watkins, and Paul Hastings LLP, by J. Allen
       Maines and S. Tameka Phillips, for defendant-appellants.*


       STEELMAN, Judge.

Based upon the decisions of the United States Supreme Court in *AT&T Mobility v. Concepcion*, ___ U.S. ___, 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011), and *American Express Co. v. Italian Colors Rest.*, ___ U.S. ___, 133 S.Ct. 2304, 186 L.Ed.2d 417 (2013), the trial court erred in holding that the arbitration agreement was unconscionable and refusing to compel arbitration.

## I. Factual and Procedural History

Between 1 May 2003 and 28 January 2005, Tommy Knox, Velma Knox, Kerry Gordon and Willie Patrick (collectively, "plaintiffs") obtained loans from Community State Bank ("bank"). These loans were short-term, single-disbursement, single-repayment loans in amounts up to $750. At maturity, plaintiffs were required to pay the principal plus a finance charge ranging from eighteen to twenty-seven percent of the principal.

Upon approval for a loan, plaintiffs were presented with an agreement, which conspicuously contained provisions that plaintiffs agreed to binding arbitration of all claims, and that plaintiffs agreed not to participate in a class action lawsuit.

Of particular relevance to the instant case is the following language from the Arbitration Agreement:

> **Arbitration:** You acknowledge that you have read, understand, and agree to the terms contained in the Arbitration Agreement you are signing in connection with this Note. By

entering into the Arbitration Agreement, you waive certain rights, including the right to go to court (except as specifically provided in the Arbitration Agreement), to have the dispute heard by a jury, and to participate as a part of a class of claimants relating to any dispute with Lender, First American or their affiliates.

...

**ARBITRATION AGREEMENT AND WAIVER OF JURY TRIAL.** Arbitration is a process in which persons with a dispute: (a) waive their rights to file a lawsuit and proceed in court and to have a jury trial to resolve their disputes; and (b) agree, instead, to submit their disputes to a neutral third person (an "arbitrator") for a decision. Each party to the dispute has an opportunity to present some evidence to the arbitrator. Pre-arbitration discovery may be limited. Arbitration proceedings are private and less formal than court trials. The arbitrator will issue a final and binding decision resolving the dispute, which may be enforced as a court judgment. A court rarely overturns an arbitrator's decision. **THEREFORE, YOU ACKNOWLEDGE AND AGREE AS FOLLOWS:**

. . .

2. By entering into this Arbitration Agreement:

**(a) YOU ARE WAIVING YOUR RIGHT TO HAVE A TRIAL BY JURY TO RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES;**

**(b) YOU ARE WAIVING YOUR RIGHT TO HAVE A COURT, OTHER THAN A SMALL CLAIMS TRIBUNAL, RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES; and**

**(c) YOU ARE WAIVING YOUR RIGHT TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS, IN ANY LAWSUIT FILED AGAINST US AND/OR RELATED THIRD PARTIES.**

3. Except as provided in Paragraph 6 below, all disputes including any Representative Claims against us and/or related third parties shall be resolved by binding arbitration only on an individual basis with you. **THEREFORE, THE ARBITRATOR SHALL NOT CONDUCT CLASS ARBITRATION; THAT IS, THE ARBITRATOR SHALL NOT ALLOW YOU TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY FOR OTHERS IN THE ARBITRATION.**

4. Any party to a dispute, including related third parties, may send the other party written notice by certified mail return receipt requested of their intent to arbitrate and setting forth the subject of the dispute along with the relief requested, even if a lawsuit has been filed. Regardless of who demands arbitration, you shall have the right to select any of the following organizations to administer the arbitration: the American Arbitration Association[], J.A.M.S./Endispute[], or the National Arbitration Forum[]. However, the parties may agree to select a local arbitrator who is an attorney, retired judge, or arbitrator registered in good standing with an arbitration association and arbitrate pursuant to such arbitrator's rules. . .

5. If you demand arbitration, then at your request we will advance your portion of the expenses associated with the arbitration, including the filing, administrative, hearing and arbitrator's fees ("Arbitration Fees"). If related third parties or we demand

arbitration, then at your written request we will advance your portion of the Arbitration Fees. Throughout the arbitration, each party shall bear his or her own attorneys' fees and expenses, such as witness and expert witness fees. The arbitrator shall apply applicable substantive law consistent with the FAA and applicable statutes of limitation, and shall honor claims of privilege recognized at law. The arbitration hearing will be conducted in the county of your residence, or within 30 miles from such county, or in the county in which the transaction under this Loan Agreement occurred, or in such other place as shall be ordered by the arbitrator. The arbitrator may decide with or without any hearing, any motion that is substantially similar to a motion to dismiss for failure to state a claim or a motion for summary judgment. In conducting the arbitration, the arbitrator shall not apply any federal or state rules of civil procedure or evidence. At the timely request of any party, the arbitrator shall provide a written explanation for the award. The arbitrator's award may be filed with any court having jurisdiction. If allowed by statute or applicable law, the arbitrator may award you statutory damages and/or your reasonable attorneys' fees and expenses. Regardless of whether the arbitrator renders a decision or an award in your favor resolving the dispute, you will not be responsible for reimbursing us for your portion of the Arbitration Fees.

6. All parties, including related third parties, shall retain the right to seek adjudication in a small claims tribunal for disputes within the scope of such tribunal's jurisdiction. Any dispute that cannot be adjudicated within the jurisdiction of a small claims tribunal shall be resolved by binding arbitration. Any appeal of a judgment from a small claims tribunal shall be resolved by

binding arbitration.

> 7. This Arbitration Agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA. If a final non-appealable judgment of a court having jurisdiction over this transaction finds, for any reason, that the FAA does not apply to this transaction, then our agreement to arbitrate shall be governed by the arbitration law of the State of South Dakota.

> 8. This Arbitration Agreement is binding upon and benefits you, your respective heirs, successors and assigns. The Arbitration Agreement is binding upon and benefits us, our successors and assigns, and related third parties.

On 8 February 2005, plaintiffs filed a class-action complaint, alleging that defendants Compucredit Corporation ("Compucredit"), Valued Services Acquisitions Company, LLC ("VS-AC"), Valued Services of North Carolina, LLC ("VS-NC"), Valued Services Financial Holdings, LLC ("VS-FH"), Valued Services Holdings, LLC ("VS-H"), Foresight Management Company, LLC ("Foresight"), First American Holding, LLC ("FA-H"), First American Management, Inc. ("FA-M"), James E. Scoggins ("Scoggins"), and Robert P. Manning ("Manning"), under the name First Southern Cash Advance (collectively, "defendants") violated the North Carolina Consumer Finance Act, the North Carolina unfair trade practices statute, and North Carolina usury laws.

On 28 February 2006, plaintiffs moved that the case be certified as a class action. On 10 November 2009, Patrick voluntarily dismissed his claims against defendants without prejudice. On 25 January 2011, Scoggins and Manning moved to dismiss for insufficiency of service of process. On 19 May 2011, VS-AC, VS-FH, VS-H, FA-H, FA-M, Scoggins, and Manning moved to dismiss for lack of personal jurisdiction, asserting that they had insufficient contacts with the State of North Carolina for the trial court to exercise personal jurisdiction under the long-arm statute (N.C. Gen. Stat. § 1-75.4). On 25 May 2011, defendants moved to compel arbitration.

On 23 January 2012, the trial court denied defendants' 25 January 2011 motion to dismiss for insufficiency of service of process, denied defendants' 19 May 2011 motion to dismiss for lack of personal jurisdiction, denied defendants' 25 May 2011 motion to compel arbitration, and granted plaintiffs' 28 February 2006 motion for class certification.

Defendants appeal.

## II. Failure to Compel Arbitration

Defendants first contend that the trial court erred by refusing to compel arbitration. We agree.

## A. Standard of Review

> The standard governing our review of this case is that "findings of fact made by the trial judge are conclusive on appeal if supported by competent evidence, even if ... there is evidence to the contrary." *Lumbee River Elec. Membership Corp. v. City of Fayetteville,* 309 N.C. 726, 741, 309 S.E.2d 209, 219 (1983) (citation omitted). "Conclusions of law drawn by the trial court from its findings of fact are reviewable *de novo* on appeal." *Carolina Power & Light Co. v. City of Asheville,* 358 N.C. 512, 517, 597 S.E.2d 717, 721 (2004).

*Tillman v. Commercial Credit Loans, Inc.*, 362 N.C. 93, 100-01, 655 S.E.2d 362, 369 (2008).

## B. Unconscionability

In the instant case, the trial court's order denying defendants' motion to compel arbitration was filed on 23 January 2012. On 25 January 2012, the trial court's order denying defendants' motion to compel arbitration in the companion case of *Torrence et al. v. Nationwide Budget Finance et al.* (New Hanover County case 05 CVS 447) was filed. The findings of fact, conclusions of law, and rulings of the trial court were virtually identical.[1]

---

[1] In *Torrence*, there was additional analysis dealing with the designation of the National Arbitration Forum (NAF) as the arbitrator. In the instant case, the arbitration agreement provided for three arbitration groups, one of which was the NAF. The agreement also provided that, by agreement, the parties could select a local arbitrator. Neither party in the instant case has

We are simultaneously filing an opinion in the *Torrence* case (COA 12-453). For the reasons set forth in *Torrence*, we hold that the trial court erred in determining that the arbitration agreement was substantively unconscionable. The orders of the trial court denying defendants' motion to dismiss for insufficiency of service of process, denying defendants' motion to dismiss for lack of personal jurisdiction, denying defendants' motion to compel arbitration, and granting plaintiffs' motion for class certification are vacated, and the matter is remanded to the trial court for entry of an order compelling arbitration in this case. Because the trial court erred in holding that the arbitration agreement was substantively unconscionable, we need not reach the question of procedural unconscionability. *See Torrence*, ___ N.C. App. ___, ___, ___ S.E.2d ___, ___ (2014) (COA 12-453, § VI).

## III. Other Arguments

Because the trial court erred in denying defendants' motion to compel arbitration, defendants' arguments with regard to class action are moot, and further excluded due to the express language of the arbitration agreement waiving class actions. Because this case was not properly before the trial court, we need not address

raised a question concerning the arbitrator or arbitrator selection clause in the arbitration agreement.

defendants' further contentions regarding class certification, personal jurisdiction and service of process. *See, e.g., Miller v. Two State Const. Co., Inc.*, 118 N.C. App. 412, 418, 455 S.E.2d 678, 682 (1995) (holding that where the arbitration agreement was valid, we "need not address the other issues raised by defendants"). These issues are properly to be determined by an arbitrator.

## IV. Conclusion

The trial court erred in refusing to grant defendants' motion to compel arbitration. The orders of the trial court enumerated in Section II of this opinion are all vacated, and this matter is remanded to the trial court for entry of an order compelling the parties to arbitrate their claims.

VACATED AND REMANDED.

Judges STEPHENS and McCULLOUGH concur.